FLAGG & FISH, plaintiffs in error, *vs.* JOHN W. JOHNSTON, defendant in error.

1. When a mortgage, made to Thomas W. Willingham, his heirs and assigns, was transferred by Willingham, by written assignment, to John W. Johnston *as* administrator of Green D. Sharke, deceased, such assignment, if properly stamped, conveyed the mortgage to the estate, and it became assets in the hands of the administrator, and the proceedings to foreclose it, must be in the name of said Johnston, *as* administrator, and not in his individual character.

Foreclosure of mortgage.    Decided by Judge CLARK. Dougherty Superior Court.    December Term, 1869.

Flagg & Fish made and delivered to Thomas H. Willingham a mortgage on certain lands, to secure the payment of certain notes.    Willingham transferred the mortgage in this manner : " For and in consideration of the sum of two thousand dollars, to me in hand paid by John W. Johnston, as administrator of Green D. Sharke, late of said county, deceased, the receipt whereof is hereby acknowledged, I do transfer and assign to said John W. Johnston, as said administrator, all my right, title, and interest in and to the within, without recourse on me." Afterwards, Johnston, in his individual name, sued out a rule *nisi* for the foreclosure of this mortgage.    The defendants appeared and objected to a rule absolute, upon the ground that Johnston should sue, as administrator of Sharke, and could not recover in his individual name.    The Court overruled this objection, and the rule absolute was taken.    This decision is brought here for review.    When it was argued here, attorney for plaintiff in error said that the record showed that the transfer was not stamped, and for that reason also the Judge erred.    But no such point appearing to have been made below, this Court said they would not consider it here.

H. MORGAN, for plaintiffs in error.

HINES & HOBBS, for defendant in error.

Bower vs. Cook.

BROWN, C. J.

The transfer to Johnston, as administrator of Sharke, vested the mortgage debt in the estate, and not in Johnston, individually, and the proceeding to foreclose the mortgage, should have been in the name of Johnston, as administrator.

It was said, in the argument, that the transfer of the mortgage was not stamped, as required by the Act of Congress, and it was insisted that it was void on that account. No such point appears to have been made or decided in the Court below.

Judgment reversed.